PER CURIAM.
Green-Mar Builders, Inc., was the developer of a subdivision in Dade County Florida. The corporation filed a complaint praying: (1) that the court enter a decree specifically enforcing a contract between Green-Mar Builders, Inc. and Community Utilities Corp., whereby the utilities corporation agreed to furnish water and sewage facilities to Builder’s Estate Subdivision, Inc.; (2) that the court award to the plaintiff damages for losses sustained as a result of defendant’s breach of the contract. The chancellor found for the plaintiff but also found that while the suit was pending defendant complied with the contract as to the furnishing of the water and sewage, thus obviating the necessity for a decree of specific performance. The chancellor found that he had jurisdiction to award damages because Green-Mar Builders had been entitled to a decree of specific performance *790 at the time that the suit was filed, and the parties had proceeded without objection to try the issue of damages for breach of the contract. The plaintiff’s damages were assessed at $15,664.29. The defendant, Community Utilities Corporation, appeals and assigns as error that portion of the final decree which assessed damages against it. We reverse in part upon a holding that the damages were not proved to be a consequence of the breach of the contract. See cases cited at 9 Fla.Jur., Damages, §§ 30, 31.
The greater portion of the claimed damages was attributed by the plaintiff to the failure of the Community Utilities Corporation to provide water for construction purposes to buildings under construction. There is no claim that the water service was not promptly furnished upon the sale of any building to a purchaser. These damages were listed in writing and submitted as Plaintiff’s Exhibit No. 16, itemized as material installation, increased labor costs, carrying charges on construction loans, additional closing costs, interest on capital investments, additional real estate taxes, and additional plumbing costs incurred under the contract.
The plaintiff relied upon the testimony of its president to establish that the damages itemized in the written statement were the direct consequence of defendant’s breach of the contract by refusing to furnish water for construction purposes. He attributed all of the increase in labor costs to the fact that it was necessary to drill a shallow well in order to procure water for construction purposes on each lot listed and to loss of time for labor because of the necessity that laborers were required to travel some distance for comfort facilities. He attributed the increased carrying charges, interest on capital investments and additional costs incurred for real estate taxes to the fact that the failure to provide water prior to sale made it more difficult to sell the properties because, upon occasions, unauthorized persons used the unconnected toilet facilities and that therefore houses on display often had to be closed.
This testimony is totally insufficient to establish that the increase in labor costs was a consequence of the lack of comfort facilities. It is also apparent that the loss claimed because of the lapse of time between the date the house was ready for sale and the date it was sold cannot be contributed solely to the lack of water at the time the house was shown. Without a doubt there was inconvenience in this situation, but the claimed damages thereunder must fail for two reasons. First, in order to attribute all of the delay to the one circumstance, it would be necessary to show that many other causes for lack of rapid sales were not effective in these instances and, second, there was no provision in the contract for a requirement that water be furnished to plaintiff for other that construction purposes. It therefore follows that the damages claimed in Exhibit 16 were, as based upon the testimony in the record, the result of speculation and while there is a possibility that the damages actually arose, as attributed by the president of the plaintiff corporation, there is no more than a possibility that they did so arise.
The appellant has pointed out that the exact amount of the money judgment rendered can be arrived at by adding Items 1, 2, 3, 4 and 8 of the exhibit itemizing claimed damages. While we are not entitled to act upon this presumption we can conclude that the amount allowed, in all probability, included the item for additional plumbing costs incurred on bills which is Item No. 8 of the itemization. This is the only item which is tied to the failure to furnish water for construction purposes and to which the plaintiff is entitled to recover under the record of this case. It is necessary, therefore, to reverse the judgment entered and remand the cause for the entry of a judgment for the plaintiff and setting his damages at $1,252.81, with interest thereon from the date of the entry of the original judgment.
Affirmed in part and reversed in part.